NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 25 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GREGORIA GONZALEZ JUAN; et al., | No. 19-71719 |
| Petitioners, | Agency Nos. A206-680-410 |
| v. | A206-680-411 |
| | A206-680-412 |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 18, 2021[**]

Before: CANBY, FRIEDLAND, and VANDYKE, Circuit Judges.

Gregoria Gonzalez Juan and her two children, natives and citizens of

Guatemala, petition for review of the Board of Immigration Appeals' ("BIA")

order dismissing their appeal from an immigration judge's ("IJ") decision denying

their application for asylum, withholding of removal, and relief under the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We deny the petition for review.

The BIA found petitioners waived their challenge to the IJ's determination that their asylum application was time barred. Petitioners do not challenge the BIA's waiver finding in their counseled opening brief. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived). Thus, we deny the petition as to their asylum claim.

Substantial evidence supports the agency's finding that petitioners failed to establish they suffered harm rising to the level of persecution. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (threats alone rarely constitute persecution); *Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir. 2003) (persecution is "an extreme concept"). Substantial evidence also supports the agency's determination that petitioners failed to establish an objectively reasonable fear of future persecution. *See Nagoulko*, 333 F.3d at 1018 (possibility of future persecution "too speculative"); *see also Lanza v. Ashcroft*, 389 F.3d 917, 935 (9th Cir. 2004) (no clear probability of persecution). Thus, petitioners' withholding of removal claim fails.

19-71719

Substantial evidence also supports the agency's denial of CAT relief because Gonzalez Juan failed to show it is more likely than not she will be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The temporary stay of removal remains in place until issuance of the mandate. The motion for a stay of removal is otherwise denied.

**PETITION FOR REVIEW DENIED**.